UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
BRENT MCCALL                    :
                                :          PRISONER
     V.                         :   CASE NO. 3:03CV1910 (WWE)
                                :
BUREAU OF PRISONS
```

RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking an order directing the Bureau of Prisons to consider his request for designation of the state correctional institution he currently resides in as the place of confinement for service of his federal sentence, thereby enabling him to serve his state and federal sentences concurrently. For the reasons set forth below, the petition is granted.

FACTUAL BACKGROUND

In October 1996, in this court, the petitioner pleaded guilty to five counts of aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d), one count of carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and one count of unlawfully possessing a destructive device in violation of 18 U.S.C. § 922(g)(1). In February 1997, the Court, sentenced the petitioner to 192 months of imprisonment.

In 1997, in the Connecticut Superior Court for the Judicial District of Hartford, a jury found the petitioner guilty of one

count of criminal attempt to commit murder in violation of General Statutes §§ 53a-49(a)(2) and 53a-54a, one count of assault in the first degree in violation of § 53a-59(a)(1), one count of assault of a peace officer in violation of § 53a-167c(a)(1), two counts each of attempt to commit assault of a peace officer in violation of General Statutes § 53a-49(a)(2) and General Statutes § 53a-167c(a)(1), and attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49(a)(2) and 53a-59(a)(1) and the petitioner pleaded guilty to one count of possession of a firearm in violation of General Statutes § 53a-217 and one count of carrying a pistol without a permit in violation of § 29-35.  See State v. McCall, 62 Conn. App. 161, 162, 780 A.2d 134, 136 (2001).  In the first week of January 1998, a Connecticut Superior Court Judge sentenced the petitioner to total effective sentence of forty-five years of imprisonment.  See id.

On January 13, 1998, in another state criminal case, the petitioner pleaded guilty to assault in the second degree and a Connecticut Superior Court Judge sentenced the petitioner to five years of imprisonment.  The judge ordered the sentence to be served concurrently with the petitioner's prior forty-five year sentence, but not the petitioner's federal sentence.

On January 27, 1998, a Connecticut Superior Court Judge in the Judicial District of New Haven sentenced the petitioner to

fifteen years of imprisonment after the petitioner was convicted of conspiracy to commit robbery in the first degree in violation of Connecticut General Statutes § 53a-48a and Connecticut General Statutes § 53a-134(a)(1).  (See Pet Writ Habeas Corpus at 14.) The Judge ordered that the sentence be served concurrently with the petitioner's forty-five year state sentence and with his 192 month federal sentence.  (See id.)  The petitioner remained in state custody, where he remains at the present time.

On July 3, 2003, the petitioner sent a letter to the Director of the Bureau of Prisons requesting that the Bureau of Prisons designate, nunc pro tunc, the state facility in which he is incarcerated as a federal prison for purposes of serving his federal sentence.  (See Pet. Writ Habeas Corpus, Attach. 2.)  In this manner, the petitioner sought to serve his fifteen year state and 192 month federal sentence concurrently as intended by the state court judge.  The Executive Secretary to the Director of the Bureau of Prisons responded to petitioner's request by informing him that the Bureau of Prisons had no jurisdiction over the procedures or policies of state prison facilities.  The petitioner then sent two more letters to the Executive Secretary, but received no response from her and no other indication that the Bureau of Prisons was considering his request for nunc pro tunc designation of the state prison facility as the place of confinement for service of his federal sentence.

STANDARD OF REVIEW

Since the enactment of the Judiciary Act of 1789, the federal court in the district in which a prisoner is incarcerated has been authorized to issue a writ of habeas corpus if the prisoner was in custody under the authority of the United States. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). Today, this authority is codified at 28 U.S.C. § 2241(c)(3). A section 2241 petition "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). The petitioner challenges the place of his confinement for service of his federal sentence, an issue relating to the execution of his sentence. Thus, the petition properly was filed pursuant to section 2241.

## Discussion

The petitioner seeks designation of the state correctional institution he currently resides in as the place of confinement for his federal sentence, thereby permitting him to serve his fifteen year state sentence and his federal sentence concurrently rather than consecutively. In McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998), the Second Circuit held that pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has authority to make a nunc pro

4

tunc designation of an inmate's state prison facility as the place of confinement for his or her federal sentence and must consider an inmate's request for designation.  Id. at 123.  The Bureau of Prisons Program Statement entitled "Designation of State Institution for Service of Federal Sentence" recognizes the Bureau's obligation to review an inmate's request for nunc pro tunc designation.  See United States Department of Justice Federal Bureau of Prisons Program Statement 5160.05(9) (January 16, 2003).  Under the Program Statement, the Regional Inmate Systems Administrator must gather necessary information and documents to enable him or her to address an inmate's request for nunc pro tunc designation with Regional Counsel.

The respondent argues that the petitioner failed to comply with the procedures set forth in Program Statement 5160.05.  The court has reviewed this Program Statement and notes that it does not include directions to the inmate to comply with any particular procedures.  Nor does it direct the inmate to submit the request to a particular Bureau official.  The petitioner sent a letter to the Director of the Bureau of Prisons and two follow-up letters to the Executive Secretary to the Director of the Bureau of Prisons.  Thus, the court considers the petitioner to have complied with Program Statement 5160.05.[1]

---

[1] The respondent also argues that the petitioner failed to exhaust his administrative remedies as set forth in 28 C.F.R. §§ 542.10 et seq.  The Bureau of Prisons Administrative Remedy

Under McCarthy, the petitioner is entitled to have his request for nunc pro tunc designation considered by the Bureau of Prisons.  Because the respondent has not alleged or provided evidence that the Bureau of Prisons exercised its discretion to review the petitioner's request for nunc pro tunc designation, the Petition for writ of Habeas Corpus [**doc. #1**] is **GRANTED**.  The Bureau is directed to review the petitioner's request for nunc pro tunc designation and grant or deny the request in accordance with the discretion afforded the Bureau by 18 U.S.C. § 3621(b).  The respondent shall file a notice with the Court within thirty days as to its compliance with this order.

SO ORDERED this 19th day of January, 2007, at Bridgeport, Connecticut.

                                    /s/
                          Warren W. Eginton
                          Senior United States District Judge

---

Program is not applicable to the petitioner as he was not incarcerated in a facility or Community Corrections Center operated by the Bureau of Prisons and the petitioner's claim does not relate to an issue that arose during any prior confinement in a federal facility.  See 28 C.F.R. § 542.10(b) ("This program does not apply to inmates confined in other non-federal facilities.")